### ENOCHS v. PITCAIRN et al.
### No. 1725.

District Court, W. D. Missouri, W. D.
March 30, 1944.

Trusty & Pugh, of Kansas City, Mo., for plaintiff.

Sam B. Sebree and John S. Marley (of Sebree, Shook & Gisler), both of Kansas City, Mo., for defendant Wabash R. Co.

REEVES, District Judge.

The only question for decision is whether the Wabash Railroad Company, a corporation, having taken over the assets and assumed the liabilities of the Wabash Railway Company, is entitled to remove a pending case in a state court based upon the Federal Employers' Liability Act, 45 U. S.C.A. § 1 et seq.

It appears that the Wabash Railway Company was in receivership. During the operation of the road by the receivers plaintiff claims that he suffered injuries in an employment so closely related to interstate commerce as to invoke the Federal Employers' Liability Act. The plaintiff brought suit under said act and named the receivers as defendants. While the case was pending the receivers were discharged, and, as indicated, the Wabash Railroad Company took over the assets and assumed the liabilities of the estate. The new company voluntarily appeared as a substitute defendant in the state court. Thereupon the plaintiff amended his complaint so as to recite the assumption of liability by the new substitute party. Because of this averment in the way of an amendment to the complaint, the new defendant, or substitute, sought to remove. It should be understood that the receivers were not sued in their personal capacity, but as officers of the court. They operated this public utility, and in such operations were liable to be sued as representatives of the corporation. The suit proceeded in that way.

1. The old company was reorganized under a plan involving the formation of a new corporate entity and the assumption by it of all the liabilities of the old company. On assuming such liabilities it maintained the status of each claim or liability as it existed at the time the new corporation took over. The liability in this case, among others, was the right of the plaintiff to proceed in his chosen forum to a determination of liability for alleged personal injuries. The very fact that the defendant Railroad Company entered the litigation as a substitute defendant was sufficient. The circumstances that plaintiff sought to amend by alleging that the new defendant had assumed the liability of the old did not change the cause of action for damages to one on contract.

2. The state judge very properly denied the removal. However, the removing defendant had a right to bring its record here. The records and briefs have been examined. The case should be remanded to the state court from which removed. It will be so ordered.